H. S. Jaudon Engineering Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 14060. Promulgated January 31, 1929.

*George F. Adams, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

164

# 166

TRUSSELL: The petitioner contends that it is a personal service corporation subject to the provisions of section 218 (d) of the Revenue Act of 1921, taxing the individual stockholders thereof after the manner of members of partnerships.

Personal service corporations are defined in section 200 (5) of the Revenue Act of 1921. Three of the statutory requirements are material here: (1) the income of the corporation must be ascribed primarily to the activities of the principal owners or stockholders; (2) such principal owners or stockholders must be themselves regularly engaged in the active conduct of the affairs of the corporation; and (3) capital, whether invested or borrowed, must not be a material income-producing factor.

During the taxable year the petitioner was engaged in the business of furnishing engineering service to its clients. This service was purely personal and professional; materials and supplies were not furnished or traded in; financial obligations were not incurred for the accounts of clients; the petitioner was not a contractor for construction work.

The amount of capital employed in the business was trifling, being the cost of surveying instruments and drafting tools together with a few automobiles. The balance sheets reported with the return reflected no large amount of capital. Accounts receivable, the largest item, were made up entirely of charges for cash withdrawals by H. S. Jaudon and his wife, and of a few small loans to employees for their personal needs. The item of notes payable was entirely for money borrowed from the bank for the sole purpose of turning it over to Jaudon so that he might conveniently finance operations in connection with a farm which he owned and operated in his individual capacity.

All of the outstanding capital stock, save five shares, was owned by the president and general manager, H. S. Jaudon. The five shares were owned by his wife and were given her in order to qualify her as a director of the petitioner. She is not an engineer and took no active part in the affairs of the petitioner. Jaudon was the sole representative of the petitioner in the transactions with its clients. He gave all of his time to the affairs of the petitioner. He secured all of the work handled by the petitioner and he had full direction and control of the technical details of the work from inception to accomplishment. A few technical assistants were permanently employed. They did not solicit work and were at all times subordinate to Jaudon. Additional employees were temporarily utilized when needed, mainly as inspectors. In the headquarters' office were employed a stenographer-bookkeeper and a porter. A colored mes-

senger was hired for a small amount of part-time service in connection with the handling of the mail.

Upon consideration of these facts we do not see that there is the slightest basis for ascribing any income whatever to the use of capital, and it is apparent that the statutory condition is met that the principal stockholders must be themselves regularly engaged in the active conduct of the affairs of the petitioner. The real question for decision is whether the income is ascribable *primarily* to the activities of the principal stockholders. The respondent contends that certain of the employees rendered services which were primarily productive of income. This could not be in their responsibilities for they were strictly subordinates. Jaudon's was the responsibility and ability relied upon by the clients. His was the initiative. The employees performed their duties under his constant supervision and direction.

We do not attach significance to the possibility of a small amount of income probably reflected in the fees of the petitioner where the subordinates were availed of upon request of the client and the additional expense was paid for by the client. In the case of *Honig-Cooper Co.*, 11 B. T. A. 896, a personal service status was allowed even though there were a number of employees, where, as in the instant case, we were of the opinion that the services of such employees were of a subordinate character not productive of income *primarily*. See also *Mac Martin Advertising Agency*, 11 B. T. A. 162; *Williamson & Rauers Co.*, 12 B. T. A. 476; *Sweeney & James Co.*, 10 B. T. A. 966; *Botsford-Constantine & Tyler*, 10 B. T. A. 565; *Cocks-Clark Engraving Co.*, 8 B. T. A. 468.

The instant case is distinguishable from *Peerless Engraving Co.*, 3 B. T. A. 464, where the labor employed by that petitioner in manufacturing operations was *directly* productive of income. See also *W. J. Perry Corporation*, 1 B. T. A. 788, where one-half of the income was ascribable to the activities of subagents.

In the case of *Patterson-Andress Co.*, 6 B. T. A. 392, we had under consideration the factor of employment of others, and we said:

We do not mean to hold that personal service classification must be denied in all cases where there are employees under the supervision of stockholders, but where, as here, employees so greatly outnumber the stockholders and *there is no evidence of the character of the service performed by most of them* * * * we can not find that the income is to be ascribed primarily to the activities of the stockholders.

We are under no disability of lack of evidence in the instant case.

Two of the employees participated in the profits derived from the work on which they were engaged. The respondent contends that this is evidence of their productive capacities to produce income. In

any case in which the amount of total compensation derived was relatively large it might have that significance, but we do not find it material in the instant case, where not one of the employees drew an amount of compensation which we could designate as of the slightest consequence. One of the employees of the petitioner was a party to the agreements with the clients for the work in Florida and he shared in the profits, but it appears that he lacked the personal qualifications and standing to acquire this work individually and we believe that the income derived by the petitioner from this work was none the less primarily attributable to the personal influence, reputation, and activity of Jaudon, petitioner's principal stockholder.

We conclude that the petitioner's action in filing a personal service return was correct.

*Judgment of no deficiency will be entered for the petitioner.*